**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DC PRESERVATION LEAGUE**, et al., | |
| *Plaintiffs*, | |
| v. | Civil Action No.1:26-cv-00981 |
| **BOARD OF TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS**, et al., | |
| *Defendants*. | |

**DECLARATION OF ILLYA AZAROFF, FAIA, 2026 AIA PRESIDENT,**
**ON BEHALF OF THE AMERICAN INSTITUTE OF ARCHITECTS**
**IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

I, Illya Azaroff, FAIA, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct and based on my personal knowledge:

1. My name is Illya Azaroff, FAIA. I am the President of The American Institute of Architects ("AIA"). I have served in this capacity since January 2026. I am authorized to submit this declaration on behalf of the Organization.

2. In my capacity as President, I serve as the chief elected officer of the AIA. In this role, I lead the Board of Directors to set strategic goals, act as the primary spokesperson for the architecture profession, and represent the interests of AIA members around the world. I have personal knowledge of the facts set forth in this declaration.

3. AIA is a 501(c)(6) nonprofit professional organization organized under the laws of New York, with its principal office in Washington, D.C. AIA was founded in 1857. AIA's stated mission is to drive positive change through the power of design, advocating for the profession, and fostering a sustainable, equitable, and resilient built environment.

4. In furtherance of this mission, the AIA's core programmatic activities include organizing and presenting professional conferences, educational programs, and publications related to architecture, landscape architecture, historic preservation, and the built environment;

1

Doc ID: cd05c733c858987c40179418519baaeacbeec0e5

advancing the professional standards and public understanding of architecture; and advocating for the preservation of nationally significant buildings, sites, and landscapes, including through participation in federal review processes.

5.      AIA has a longstanding and direct institutional connection to the John F. Kennedy Center for the Performing Arts (the "Kennedy Center") in Washington, D.C.

6.      AIA's members include architects, historians, landscape architects, preservationists, and other professionals who use and study the Kennedy Center as part of their professional work. AIA has a particular institutional interest in the Kennedy Center because it has a long-standing track record of preserving America's historic buildings, including the Kennedy Center. Advocacy efforts have been a core part of AIA's mission, and the Kennedy Center is recognized as a significant cultural and architectural landmark that aligns with AIA's commitment to historic preservation. AIA has consulted on previous projects affecting the Kennedy Center and was a consulting party for the 2015 Memorandum of Agreement regarding adverse effects to the Kennedy Center from the REACH expansion.

7.      Additionally, AIA used the Kennedy center for the College of fellows' elevation ceremony for at least two fellows' classes following the Covid crisis. I, myself, was elevated to the college of fellows at the Kennedy Center along with over 200 architects with their families and friends in attendance.

8.      AIA has been directly and concretely injured by Defendants' actions at the Kennedy Center. Defendants' conduct has impaired the Organization's ability to carry out its core programmatic activities.

9.      AIA and its members have actively sought to participate in the Section 106 consultation process for the proposed alterations to the Kennedy Center, which is eligible for the National Register of Historic Places. Defendants' failure to initiate or complete the required consultation has deprived the Organization of the opportunity to fulfill its core mission of

Doc ID: cd05c733c858987c40179418519baaeacbeec0e5

participating in historic preservation review processes and advocating for the protection of significant cultural resources. This is not a matter of policy disagreement; the Organization's participation in Section 106 of the National Historical Preservation Act ("NHPA") review is a core programmatic activity that Defendants' procedural failures have rendered impossible.

10.     Defendants actions have caused AIA to redirect more than 200 hours of Senior leadership, mid-level management, and staff time—approximately 6-8 individuals, including executives and Board Members—to respond to member questions and advocate for the profession's ethical responsibilities. AIA is hosting two Town Halls meetings on March 31, 2026 and April 2, 2026 to prioritize the fight to preserve the Kennedy Center, a nationally significant cultural and architectural landmark. These resources would otherwise have been devoted to educating AIA members on historic preservation, responding to the community about the history of AIA's involvement in historic preservation (https://www.aia.org/aias-longstanding-commitment-historic-preservation), as well as the organization's normal advocacy work. This current prioritization of protecting the Kennedy Center reflects AIA's commitment to safeguarding the built environment and upholding the values of preservation and design excellence that are central to its mission.

11.     Defendants' decision to proceed without completing required review processes has compelled the Organization to redirect hundreds of staff and member volunteer hours from its ongoing monitoring and advocacy, educational, and technical assistance programs to investigating Defendants' procedural failures at the Kennedy Center. These resources would otherwise have been devoted to serving AIA's membership through initiatives such as professional development, public policy advocacy, and advancing the architectural profession's role in creating a sustainable and equitable built environment.

12.     As a direct result of the Kennedy Center issue, AIA has diverted significant staff and member hours toward protecting the building. These resources, which would normally be

3

Doc ID: cd05c733c858987c40179418519baaeacbeec0e5

dedicated to serving AIA's membership, have been redirected to address this matter. Teams from AIA's Government Advocacy & Public Policy, Communications, and Governance departments, as well as the Board of Directors and numerous member volunteers, have been actively involved in these efforts.

13.    AIA has already been harmed by alterations that Defendants have completed without initiating legally required review. Specifically:

a.    In or around September 2025, Defendants repainted the Kennedy Center's 200 exterior columns from their original gold color to white. These columns are an original and character-defining feature of the building's Modernist design by Edward Durell Stone, and they were integral to the D.C. State Historic Preservation Officer's 2012 determination that the Kennedy Center is eligible for the National Register of Historic Places. AIA was neither consulted nor afforded an opportunity to comment, nor notified of the proposed change despite its regular participation in Section 106 reviews affecting properties in D.C.

b.    Defendants installed new exterior signage placing the name "Donald J. Trump" on the façade of the Kennedy Center above the name of President Kennedy, altering the building's physical features and its character as a living memorial to President Kennedy. On information and belief, this alteration was also undertaken without Section 106 review, National Capital Planning Commission ("NCPC") approval, or Commission of Fine Arts ("CFA") consultation.

c.    On December 18, 2025, the Board voted to rename the Kennedy Center to "The Donald J. Trump and The John F. Kennedy Memorial Center for the Performing Arts." AIA was not afforded any opportunity to comment on this change.

14.    On information and belief, Defendants undertook each of these alterations without consulting the D.C. State Historic Preservation Officer, without notifying the Advisory

Doc ID: cd05c733c858987c40179418519baaeacbeec0e5

Council on Historic Preservation ("ACHP"), and without initiating Section 106 review, notwithstanding the Kennedy Center's eligibility for the National Register of Historic Places. Nor did Defendants seek review by NCPC or CFA prior to making these significant alterations.

15.     On March 16, 2026, the Board of Trustees and its Chair, Donald J. Trump, announced that in less than four months the Kennedy Center will close completely for several years. While closed, the Kennedy Center buildings and grounds will undergo major structural work, up to and including demolition and reconstruction (the "Project"). Defendants have stated that "preliminary work has been started" and that "significant construction work" is anticipated to begin after July 7, 2026.

16.     On information and belief, the Project includes demolition of portions of the existing building, new construction, major reconstruction of the building's interior and exterior, removal or alteration of character-defining features including the marble façade, a multi-year closure of the building and public grounds, and use of the Kennedy Center's federal public grounds for construction staging.

17.     These proposed alterations will further and irreparably harm AIA because the Project will destroy or fundamentally alter the historic fabric of the Kennedy Center, permanently undermining AIA's ability to fulfill its mission of advancing the value of architecture and preserving America's historic buildings. AIA's advocacy work, educational initiatives, and professional engagement depend on the continued existence and historic integrity of the Kennedy Center. Once the building's historic character is destroyed, it cannot be restored, and AIA's work related to the Kennedy Center will be permanently impaired.

18.     AIA is further injured by Defendants' failure to follow legally required review procedures before proceeding with the Project and the already-completed alterations.

19.     AIA regularly participates in Section 106 consultation processes as a consulting party. Had Defendants initiated Section 106 review as required, the Organization would have

Doc ID: cd05c733c858987c40179418519baaeacbeec0e5

sought consulting party status, submitted comments, and provided expert input on the effects of the Project on the Kennedy Center and adjacent historic properties, including the Rock Creek and Potomac Parkway. Defendants' failure to initiate this process has deprived the Organization of these procedural rights.

20.    Had the Agency Defendants prepared an environmental assessment or environmental impact statement as required by the National Environmental Policy Act ("NEPA"), AIA would have reviewed the draft analysis and submitted comments on the environmental impacts of the Project, including impacts on the monumental core, the historic parkway, and the Potomac River waterfront. No such review has been initiated.

21.    AIA regularly participates in NCPC review processes for projects in the District of Columbia. Had Defendants submitted the Project to NCPC for review and approval as required by 40 U.S.C. §§ 8721–8722, AIA would have provided comments to NCPC on the Project's impact on the Kennedy Center and its setting within the monumental core. No such submission has been made.

22.    AIA regularly participates in CFA review processes. Had Defendants submitted the Project to CFA for advice as required by 40 U.S.C. § 9102, AIA would have provided comments on the Project's impact on the appearance of the Kennedy Center and the federal monumental core. No such submission has been made.

23.    Had the required procedures been followed, AIA would have had a meaningful opportunity to present its concerns and expert knowledge about the impact of the Project before irreversible changes are made to this nationally significant site.

24.    The injuries described above are directly caused by Defendants' actions and omissions. Defendants (the Board of Trustees, Donald J. Trump in his official capacity as Chair of the Board, and the Smithsonian Institution) have announced and begun advancing the Project without complying with the statutory requirements that trigger the review processes in which

6

the Organization has a right to participate. Agency Defendants (NCPC, the National Park Service, the Department of the Interior, Secretary Burgum, and the United States Army Corps of Engineers) have failed to initiate the reviews required by Section 106 of the NHPA, NEPA, 40 U.S.C. §§ 8721–8722, and 40 U.S.C. § 9102, and have failed to withhold permits and approvals pending completion of those reviews.

25.    AIA will suffer irreparable harm absent a preliminary injunction. Once the historic fabric of the Kennedy Center is altered or destroyed, it cannot be restored to its original condition. The Kennedy Center's architectural and historic character, which forms the basis of its eligibility for the National Register of Historic Places, would be permanently compromised. The opportunity for meaningful public consultation, including the Organization's participation in Section 106, NEPA, NCPC, and CFA review, will be permanently lost if the alterations proceed before legally required reviews are completed. Monetary damages cannot compensate for the loss of the Organization's ability to fulfill its institutional mission with respect to this site.

26.    The harm is imminent, and absent judicial intervention, the Project will proceed without the legally required reviews. Defendants have publicly announced the Project, stated that "preliminary work has been started," and indicated that the Kennedy Center will close after July 7, 2026, for multi-year construction.

27.    In addition to AIA's standing in its own right, AIA also brings this action on behalf of its members. AIA has 101,000 individual members worldwide, including the District of Columbia. Individuals become members by meeting the eligibility requirements for their respective membership category (e.g., Architect, Associate, International Associate, Student) and completing an application through AIA's national organization or a local chapter. Membership is finalized upon approval of the application and payment of annual dues.

Doc ID: cd05c733c858987c40179418519baaeacbeec0e5

28.     Members pay annual dues, receive access to AIA publications and resources, participate in professional development opportunities, and are entitled to vote in organizational elections (depending on their membership category). Members also gain access to networking events, advocacy efforts, and tools to support their professional growth.

29.     At least one member of AIA has standing to sue in their own right. Members of AIA include residents, architects, historians, landscape architects, architectural historians, preservationists, and arts patrons who use and enjoy the Kennedy Center and the adjacent public grounds and derive aesthetic, cultural, professional, and educational benefits from the preservation of the Center's historic and architectural values and the public's continued access to its building and grounds. The Organization submits, contemporaneously with this declaration, the individual declaration of Yiselle Santos Rivera, who is member of the Organization and who has standing to sue in her own right.

30.     The interests AIA seeks to protect in this litigation are germane to its stated purpose, as described above. This lawsuit seeks to protect a nationally significant historic property from unlawful alteration and to ensure compliance with the federal historic preservation, environmental, and planning laws that the Organization exists to participate in and enforce.

31.     Neither the claims asserted nor the declaratory and injunctive relief requested requires the participation of individual members. The claims present questions of law regarding Defendants' compliance with the NHPA, NEPA, the Administrative Procedure Act, and the applicable provisions of Title 20 and Title 40 of the United States Code. The relief sought will inure to the benefit of all affected members without individualized proof.

8

Doc ID: cd05c733c858987c40179418519baaeacbeec0e5

9

I declare under penalty of perjury that the foregoing is true and correct.

_____
Illya Azaroff, FAIA
2026 President
The American Institute of Architects

Executed on    03 / 30 / 2026
            _____

9

Doc ID: cd05c733c858987c40179418519baaeacbeec0e5