**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DC PRESERVATION LEAGUE**, et al.,<br>*Plaintiffs*,<br>v.<br>**BOARD OF TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS**, et al.,<br>*Defendants*. | Civil Action No.1:26-cv-00981 |

**DECLARATION OF CHARLES ALAN BIRNBAUM**
**ON BEHALF OF THE CULTURAL LANDSCAPE FOUNDATION**
**IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

I, Charles Alan Birnbaum, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct and based on my personal knowledge:

1. My name is Charles Alan Birnbaum. I am the Founding President and Chief Executive Officer of The Cultural Landscape Foundation ("TCLF"), as well as a Fellow of the American Society of Landscape Architecture ("FASLA") and a Fellow of the American Academy in Rome ("FAAR"). I have served as Founding President & CEO of TCLF since 1998. I am authorized to submit this declaration on behalf of TCLF. I am a leading authority on the nation's cultural landscape legacy and authored the Secretary of the Interior's Guidelines for the Treatment of Cultural Landscapes during my tenure as Coordinator of the Historic Landscape Initiative at the National Park Service (1992-2007).

2. In my capacity as the Founding President and CEO, I am responsible for TCLF's long-term strategic vision and financial security; being the chief strategist, public representative, and spokesperson; being the creator of nearly all of the foundation's programming; providing oversight of the *Cornelia Hahn Oberlander International Landscape Prize;* initiating, organizing, and supervising conferences, symposia, lectures, and tours; and other duties. I



Doc ID: c40e3bd4ec76aa8f22449df8cd6109ed43d0f713

promote informed stewardship and sound management of our shared cultural landscape legacy through all of the foundation's initiatives and through my public comments as an expert on the identification, management, and stewardship of cultural landscapes. I have personal knowledge of the facts set forth in this declaration.

3. TCLF is non-profit corporation organized under the laws of the District of Columbia, with its principal office in Washington, D.C. Established in 1998, TCLF is exempt from federal income tax under Section 501(c)(3) of the Internal Revenue Code.

4. TCLF educates and engages the public to make our shared landscape heritage more visible, identify its value, and empower its stewards. TCLF achieves this mission through the ongoing development of its four core programs: *What's Out There*, North America's largest and most exhaustive database of cultural landscapes; *Pioneers of American Landscape Design*, an in-depth multimedia library, inclusive of video oral histories, chronicling the lives of significant landscape architects and educators; *Landslide*, an ongoing collection of important landscapes and landscape features that are threatened; and *The Cornelia Hahn Oberlander International Landscape Architecture Prize*, a biennial prize in landscape architecture that includes a $100,000 monetary award and two years of public engagement activities.

5. *What's Out There* is a searchable, easy-to-navigate database that documents and raises public awareness of the rich diversity and interconnectedness of our shared designed landscape heritage. Spanning over two centuries of North American landscape design, the *What's Out There* database is searchable by landscape name, locale, designer, type, and style. *What's Out There* has more than 2,700 pages for entries, with content created by academics, volunteers, and advocates, vetted over the past decade by dozens of researchers and historians.

6. *Landslide* is an online resource intended to draw immediate and lasting attention to threatened landscapes and unique features. *Landslide* highlights and monitors at-risk landscapes and creates annual thematic reports to save this heritage for future generations. By



Doc ID: c40e3bd4ec76aa8f22449df8cd6109ed43d0f713

creating an interactive, online resource, *Landslide* directs the public to local advocates working to safeguard each site. *Landslide* curates an online database of landscapes of concern, which currently includes 143 at-risk landscapes; 70 saved landscapes; and 21 lost landscapes. The *Landslide* program has created four traveling photographic exhibitions and twenty digital exhibitions.

7. TCLF regularly participates as a Section 106 consulting party, provides testimony in Commission of Fine Arts ("CFA") and National Capital Planning Commission ("NCPC") processes, and litigates when a project poses a threat to a historically significant cultural landscape. For example, TCLF was an active participant on the impacts of the Obama Presidential Center in Jackson Park, Chicago between 2015 and 2020. More recently TCLF has engaged with the San Francisco Recreation and Parks Department regarding their plans to demolish the National Register-eligible Embarcadero Plaza's Vaillancourt Fountain and has opposed the demolition of artist Mary Miss' pioneering work of environmental sculpture by the Des Moines Art Center between 2024 and 2025.

8. TCLF advances the importance of the recognition, stewardship, and protection of cultural landscapes including by organizing and presenting professional conferences, educational programs, and publications related to landscape architecture and cultural landscapes; advancing the professional standards and public understanding of cultural landscape management; and advocating for managing change of nationally significant sites and landscapes, including through participation in federal review processes.

9. TCLF has a longstanding and direct institutional connection to cultural landscapes in D.C. and to the John F. Kennedy Center for the Performing Arts (the "Kennedy Center") in Washington, D.C. The Kennedy Center is included as an entry in the TCLF *What's Out There* database and digital Cultural Landscapes Guide to D.C. Modernism, which highlight the Kennedy Center's design by architect Edward Durell Stone and his son, landscape architect



Doc ID: c40e3bd4ec76aa8f22449df8cd6109ed43d0f713

and former CFA Commissioner Edward Durell Stone, Jr., along with consulting landscape architects Lester Collins and Sasaki, Walker and Associates. The entry highlights the Kennedy Center's sheeting in Carrara marble, its wide colonnade of thin gold-colored columns, open-air porches projecting out onto wide plaza wings, and the entrance plaza is framed by parallel groves that shoulder a central 110-foot-long reflecting pool. Public artworks noted by the entry include the sculptures *Don Quixote* by Aurelio Teno and *From Columbia to John F. Kennedy* by Eduardo Ramirez Vallamizar.

10. The TCLF *Landslide* database contains a number of D.C. landscapes for which TCLF has advocated, including Hirshhorn Sculpture Garden (lost), Capitol Park (saved), Dumbarton Oaks Park (saved), National Geographic Headquarters' Marabar sculpture by artist, and former CFA Commissioner, Elyn Zimmerman (saved), Pershing Park (saved), Tregaron (saved), Banneker Park Tenth Street Overlook (saved), East Potomac Park (at-risk), McMillan Park (at-risk), Oak Hill Cemetery (at-risk), and Pennsylvania Avenue (at-risk).

11. TCLF has previously participated in CFA, NCPC, National Historic Preservation Act ("NHPA") and National Environmental Policy Act ("NEPA") review processes as part of TCLF advocacy for threatened cultural landscapes in D.C. In 2018, TCLF participated in Section 106, NCPC, and CFA processes to review a proposal from the U.S. World War I Centennial Commission to construct a memorial at Pershing Park, arguing against the proposed demolition of the M. Paul Friedberg-designed park and successfully campaigning for its determination of eligibility for listing in the National Register of Historic Places. This effort resulted in the substantial rehabilitation of the Friedberg design leading to Pershing Park being eventually placed on the "saved" list of the *Landslide* database. TCLF has dedicated staff time and resources to these activities since its founding in 1998.

12. TCLF has also highlighted other memorial landscapes in its work, including: a 2020 focus on *Landslide* on female landscape architects that included the John F. Kennedy Memorial



Doc ID: c40e3bd4ec76aa8f22449df8cd6109ed43d0f713

Park, a five-acre park dedicated to President John F. Kennedy in Cambridge, Massachusetts designed by Carol R. Johnson; the FDR Memorial in Washington, D.C., designed by landscape architect Lawence Halprin that is the subject of ongoing consultations; Four Freedoms Park in New York City by architect Louis Kahn and landscape architect Harriet Pattison; and Friendship Park in San Diego, CA; among others.

13. TCLF takes legal action to protect threatened cultural sites and historic properties when necessary. *See, e.g., Pres. All. of Minn. v. City of Minneapolis*, 27-CV-12-14220 (Minn. Dist. Ct.). TCLF is also currently a plaintiff in *Friends of the Plaza, A California Unincorporated Association v. City and County of San Francisco*, Case No. CPF-26-519568. TCLF's engagement with the Kennedy Center is a core part of its institutional mission.

14. TCLF has been directly and concretely injured by the Defendants' actions at the Kennedy Center. Specifically, the Defendants' conduct has impaired TCLF's ability to carry out its core programmatic activities. The Defendants' decision to proceed without completing required review processes has compelled TCLF to redirect at least 107 staff hours from its ongoing monitoring and educational, technical assistance, and research programs to investigating the Defendants' procedural failures at the Kennedy Center. These resources would otherwise have been devoted to the *Cornelia Hahn Oberlander International Landscape Architecture,* research and writing about *Landslide* sites currently at risk, editorial reviews and fundraising for three *Pioneers* video oral histories, technical assistance, and other strategic initiatives.

15. TCLF would have sought the opportunity to participate in the Section 106 consultation process for the proposed alterations to the Kennedy Center, given its status as an important cultural landscape, eligible for the National Register of Historic Places, which is listed on the TCLF database *What's Out Ther*e. The Defendants' failure to initiate or complete the required consultation has deprived TCLF of the opportunity to fulfill its core mission of participating in



Doc ID: c40e3bd4ec76aa8f22449df8cd6109ed43d0f713

historic preservation review processes and advocating for the protection of significant cultural resources. This is not a matter of policy disagreement; TCLF's participation in Section 106 review is a core programmatic activity that the Defendants' procedural failures have rendered impossible.

16. As a direct result of the Defendants' conduct, TCLF has been compelled to divert resources from its core programmatic activities. Specifically, TCLF has redirected approximately 32 hours of CEO and board time to discuss and file the lawsuit; 75 hours of Director of Communications time to investigate the Kennedy Center proposed changes and participate in this litigation action. Were it not for Defendants' actions, TCLF would have focused these resources on planning for the *Cornelia Hahn Oberlander International Landscape Architecture Prize*, writing and researching materials on cultural landscapes, and strategic development for other organizational initiatives.

17. TCLF has already been harmed by alterations that the Defendants have completed without initiating legally required review. In or around September 2025, the Kennedy Center Defendants painted the Kennedy Center's 200 exterior columns from their original gold color to white, forcing them to recede and vanish so they are no longer in conversation with the grid of trees that were in the foreground to the Kennedy Center's primary facade. These columns are an original and character-defining feature of the building's Modernist design by Edward Durell Stone, and they were integral to the D.C. State Historic Preservation Officer's 2012 determination that the Kennedy Center is eligible for the National Register of Historic Places. Now, the contrast in color between the sinuous columns and the broad marble walls, which is integral to the order and balance of the design, is lost, causing this significant design choice to fade into the background.

18. These columns are an integral part of the Kennedy Center's landscape design as described in TCLF's *What's Out There* database, and TCLF was not consulted, was not



Doc ID: c40e3bd4ec76aa8f22449df8cd6109ed43d0f713

afforded an opportunity to comment on the proposed change, and was not notified of the plan to alter the columns despite its regular participation in Section 106 reviews affecting cultural landscapes in D.C.

19. The Kennedy Center Defendants installed new exterior signage placing the name "Donald J. Trump" on the facade of the Kennedy Center above the name of President Kennedy, altering the building's physical features and its "feeling" and "association" (two of the seven aspects of a National Register-eligible site's integrity as identified by the National Park Service) which contribute to his historic significance as a living memorial to President Kennedy. On information and belief, this alteration was also undertaken without Section 106 review, NCPC approval, or CFA consultation. This institution is a living memorial to President John F. Kennedy—the addition of the current president's name compromises and diminishes the solemnity, dignity, and fundamentally reverential role and function of this memorial.

20. On December 18, 2025, the Board voted to rename the Kennedy Center to "The Donald J. Trump and The John F. Kennedy Memorial Center for the Performing Arts." TCLF was not afforded an opportunity to comment about this proposed change. Therefore, the Board's vote to rename the institution bespeaks a contempt for the rule of law and, at best, an indifference to the solemn role and function of this living memorial.

21. On information and belief, the Kennedy Center Defendants undertook each of these alterations without consulting the D.C. State Historic Preservation Officer, without notifying the Advisory Council on Historic Preservation ("ACHP"), and without initiating Section 106 review, notwithstanding the Kennedy Center's eligibility for the National Register of Historic Places. Nor did the Kennedy Center Defendants seek review by NCPC or CFA prior to making these significant alterations.

22. On March 16, 2026, the Board of Trustees and its Chair, Donald J. Trump, announced that in less than four months the Kennedy Center will close completely for several years. While



Doc ID: c40e3bd4ec76aa8f22449df8cd6109ed43d0f713

closed, the Kennedy Center buildings and grounds will undergo major structural work, up to and including demolition and reconstruction (the "Project").

23. The Kennedy Center Defendants have stated that "preliminary work has been started" and that "significant construction work" is anticipated to begin after July 7, 2026.

24. On information and belief, the proposed Project includes demolition of portions of the existing building, new construction, major reconstruction of the building's interior and exterior, removal or alteration of character-defining features including the marble facade, a multi-year closure of the building and public grounds, and use of the Kennedy Center's federal public grounds for construction staging.

25. These proposed alterations will further and irreparably harm TCLF because the Project will destroy or fundamentally alter the historic fabric of the Kennedy Center, permanently undermining TCLF's ability to fulfill its mission of managing change at important cultural landscapes such as the Kennedy Center depends on the continued existence and historic integrity of the Kennedy Center. Once the building's historic character is destroyed, it cannot be restored, and TCLF's work related to the Kennedy Center will be permanently impaired. Specifically, the proposed changes to the order and balance of the design and materiality, both interior and exterior, and the experiences that can only be had at this unique institution in its intended configuration, would alter the features that TCLF recognizes as integral to the cultural landscape of the Kennedy Center. The Kennedy Center's Modernist design, its materials, its spatial qualities, and its setting along the Potomac are what make the building's cultural landscape unique, and the proposed Project threatens to destroy or fundamentally alter those qualities.

26. TCLF is further injured by the Defendants' failure to follow legally required review procedures before proceeding with the Project. Specifically:



Doc ID: c40e3bd4ec76aa8f22449df8cd6109ed43d0f713

a. TCLF regularly participates in Section 106 consultation processes as a consulting party. Had the Defendants initiated Section 106 review as required, TCLF would have sought consulting party status, submitted comments, and provided expert input on the effects of the proposed Project on the Kennedy Center and adjacent historic properties, including the Rock Creek and Potomac Parkway. The Defendants' failure to initiate this process has deprived TCLF of these procedural rights.

b. Had the Agency Defendants prepared an environmental assessment or environmental impact statement as required by NEPA, TCLF would have reviewed the draft analysis and submitted comments on the environmental impacts of the proposed Project, including impacts on the monumental core, the historic parkway, and the Potomac River waterfront. No such review has been initiated.

c. TCLF regularly participates in NCPC review processes for projects in the District of Columbia. Had the Defendants submitted the Project to NCPC for review and approval as required by 40 U.S.C. §§ 8721-8722, TCLF would have provided comments to NCPC on the Project's impact on the Kennedy Center and its setting within the monumental core. No such submission has been made.

d. TCLF regularly participates in CFA review processes. Had the Defendants submitted the Project to CFA for advice as required by 40 U.S.C. § 9102, TCLF would have provided comments on the Project's impact on the appearance of the Kennedy Center and the federal monumental core. No such submission has been made.

27. Had the required procedures been followed, TCLF would have had a meaningful opportunity to present its concerns and expert knowledge about the impact of the proposed Project before irreversible changes are made to this nationally significant site.

28. The injuries described above are directly caused by the Defendants' actions and omissions. The Kennedy Center Defendants (the Board of Trustees, Donald J. Trump in his



Doc ID: c40e3bd4ec76aa8f22449df8cd6109ed43d0f713

official capacity as Chair of the Board, and the Smithsonian Institution) have announced and begun advancing the Project without complying with the statutory requirements that trigger the review processes in which TCLF has a right to participate. The Agency Defendants (NCPC, NPS, the Department of the Interior, Secretary Burgum, and the United States Army Corps of Engineers) have failed to initiate the reviews required by Section 106 of the NHPA, NEPA, 40 U.S.C. §§ 8721-8722, and 40 U.S.C. § 9102, and have failed to withhold permits and approvals pending completion of those reviews.

29. TCLF will suffer irreparable harm absent a preliminary injunction. Once the historic fabric of the Kennedy Center is altered or destroyed, it cannot be restored to its original condition. The Kennedy Center's architectural and historic character, which forms the basis of its eligibility for the National Register of Historic Places, would be permanently compromised. The opportunity for meaningful public consultation, including TCLF's participation in Section 106, NEPA, NCPC, and CFA review, will be permanently lost if the alterations proceed before legally required reviews are completed. Monetary damages cannot compensate for the loss of TCLF's ability to fulfill its institutional mission with respect to this site.

30. The harm is imminent. The Kennedy Center Defendants have publicly announced the Project, stated that "preliminary work has been started," and indicated that the Kennedy Center will close after July 7, 2026 for multi-year construction. Absent judicial intervention, the Project will proceed without the legally required reviews.

31. The interests TCLF seeks to protect in this litigation are germane to TCLF's stated purpose, as described above. This lawsuit seeks to protect a nationally significant historic property from unlawful alteration and to ensure compliance with the federal historic preservation, environmental, and planning laws that DCPL exists to participate in and enforce.

I declare under penalty of perjury that the foregoing is true and correct.

______________________________
Charles Alan Birnbaum, Founding President & CEO

Executed on 03 / 30 / 2026



Doc ID: c40e3bd4ec76aa8f22449df8cd6109ed43d0f713