**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DC PRESERVATION LEAGUE**, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>**BOARD OF TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS**, et al.,<br><br>*Defendants*. | Civil Action No.1:26-cv-00981 |

**DECLARATION OF ELIZABETH WAYTKUS, EXECUTIVE DIRECTOR ON BEHALF OF DOCOMOMO US IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

I, Elizabeth Waytkus pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct and based on my personal knowledge:

1. My name is Elizabeth Waytkus. I am the Executive Director of DOCOMOMO US ("DOCOMOMO"). I have served in this capacity since 2011. I am authorized to submit this declaration on behalf of DOCOMOMO.

2. In my capacity as Executive Director, I am responsible for overseeing the daily activities of the organization, managing staff, and directing programming, including educational and advocacy related issues, along with Board and Chapter coordination and member engagement. I have personal knowledge of the facts set forth in this declaration.

3. DOCOMOMO is organized under the laws of the states of California and New York, with its principal office in New York, New York. DOCOMOMO was founded in 1995 and is exempt from federal income tax under Section 501(c)(3) of the Internal Revenue Code.

4. DOCOMOMO's stated mission is pushing boundaries to preserve modern architecture, landscapes, and design through principled advocacy, collaboration, and celebration.



Doc ID: 80bbd15cda5c171ed4b8d039447a81a7121c1b40

5. In furtherance of this mission, DOCOMOMO's core programmatic activities include organizing and presenting professional conferences, educational programs, and study tours related to historic preservation of modern architecture, landscapes and design; advancing the professional standard and public understanding that modern design merits the same attention as and preservation of earlier periods and styles; and advocating for the preservation of nationally significant buildings, sites, and landscapes, including through participation in federal review processes.

6. DOCOMOMO has a longstanding and direct institutional connection to the John F. Kennedy Center for the Performing Arts (the "Kennedy Center") in Washington, D.C. DOCOMOMO's members include architects, historians, landscape architects, preservationists, and other professionals who use and study the Kennedy Center as part of their professional work. DOCOMOMO has a particular institutional interest in the Kennedy Center because it is one of the most significant modern buildings in the Washington, D.C. area, and Docomomo has a chapter in the D.C. metro area. The Kennedy Center is a world-class institution designed by the highly regarded architect Edward Durell Stone, who designed many notable buildings, including the original Museum of Modern Art building in New York City, the U.S. Embassy in New Delhi, the State University of New York at Albany campus, the A. Conger Goodyear Residence in Old Westbury, New York, among many others. Edward Durell Stone's contributions as a decorated American architect to our built environment and culture are significant, and the understanding and preservation of his works are integral to the work of our organization.

7. DOCOMOMO has been directly and concretely injured by Defendants' actions at the Kennedy Center. Specifically, Defendants' conduct has impaired DOCOMOMO's ability to conduct educational tours, public programs, lectures, and professional conferences that are focused on the Kennedy Center's architectural and historic significance. The proposed



Doc ID: 80bbd15cda5c171ed4b8d039447a81a7121c1b40

alterations threaten to destroy or fundamentally alter the features that are the subject of these programs, including the Modernist exterior designed by Edward Durell Stone. DOCOMOMO has already been compelled to divert staff time from our recent International Docomomo Conference that took place between March 17 and March 22, 2026, in Los Angeles, California, and attracted over 500 professionals from around the world to discuss and tour significant examples of modern architecture, landscapes, and design, to instead assess the impact on DOCOMOMO's Kennedy Center programming.

8. As a direct result of Defendants' conduct, DOCOMOMO has been compelled to divert resources from its core programmatic activities. Specifically, DOCOMOMO has redirected at least forty (40) hours of staff time from the International Docomomo Conference ("IDC") planning and coordination. The IDC was a multi-year planning event that took place in Los Angeles, California, from March 17, 2026, through March 22, 2026, and welcomed more than 500 architects, architectural historians, students, and academics from around the world. The IDC overlapped with issues related to the Kennedy Center and this suit. As the Executive Director, I had to focus much of my time to the Kennedy Center, rather than directly engage with attendees, post highlights on social media, expand virtual engagement of the International Docomomo Conference, and participate in conference events.

9. DOCOMOMO has already been harmed by alterations that Defendants have completed without initiating legally required review.

10. In or around September 2025, Defendants painted the Kennedy Center's 200 exterior columns from their original gold color to white. These columns are an original and character-defining feature of the building's Modernist design by Edward Durell Stone, and they were integral to the D.C. State Historic Preservation Officer's 2012 determination that the Kennedy Center is eligible for the National Register of Historic Places. DOCOMOMO was not



Doc ID: 80bbd15cda5c171ed4b8d039447a81a7121c1b40

notified of the proposed change despite its regular participation in Section 106 reviews affecting properties in D.C.

11. Defendants installed new exterior signage placing the name "Donald J. Trump" on the façade of the Kennedy Center above the name of President Kennedy, altering the building's physical features and its character as a living memorial to President Kennedy. On information and belief, this alteration was also undertaken without Section 106 review, National Capital Planning Commission ("NCPC") approval, or Commission of Fine Arts ("CFA") consultation.

12. On December 18, 2025, the Board voted to rename the Kennedy Center to "The Donald J. Trump and The John F. Kennedy Memorial Center for the Performing Arts."

13. On information and belief, Defendants undertook each of these alterations without consulting the D.C. State Historic Preservation Officer, without notifying the Advisory Council on Historic Preservation ("ACHP"), and without initiating Section 106 review, notwithstanding the Kennedy Center's eligibility for the National Register of Historic Places. Nor did Defendants seek review by NCPC or CFA prior to making these significant alterations.

14. On March 16, 2026, the Board of Trustees and its Chair, Donald J. Trump, announced that in less than four (4) months, the Kennedy Center will close completely for several years. While closed, the Kennedy Center buildings and grounds will undergo major structural work, up to and including demolition and reconstruction (the "Project"). Defendants have stated that "preliminary work has been started" and that "significant construction work" is anticipated to begin after July 7, 2026.

15. On information and belief, the Project includes the demolition of portions of the existing building, new construction, major reconstruction of the building's interior and exterior, removal or alteration of character-defining features including the marble façade, a multi-year



Doc ID: 80bbd15cda5c171ed4b8d039447a81a7121c1b40

closure of the building and public grounds, and use of the Kennedy Center's federal public grounds for construction staging.

16. These proposed alterations will further and irreparably harm DOCOMOMO because the Project will destroy or fundamentally alter the historic fabric of the Kennedy Center, permanently undermining its ability to fulfill its mission of preserving modern architecture, landscapes, and design. DOCOMOMO's advocacy work and educational initiatives depend on the continued existence and historic integrity of the Kennedy Center. Once the building's historic character is destroyed, it cannot be restored, and DOCOMOMO's work related to the Kennedy Center will be permanently impaired. DOCOMOMO's programming, including local and national tours of Washington D.C. Modern sites, would be directly impacted and diminished by the significant alteration of the building and the property. DOCOMOMO and its D.C. chapter are also planning a National Symposium for spring of 2028, which will place in the greater Washington D.C. area. Both DOCOMOMO's tours and this National Symposium will feature the Kennedy Center in their programming and provide site visits for guests.

17. DOCOMOMO is further injured by Defendants' failure to follow legally required review procedures before proceeding with the Project.

18. DOCOMOMO regularly participates in Section 106 consultation processes as a consulting party. Had Defendants initiated Section 106 review as required, it would have sought consulting party status, submitted comments, and provided expert input on the effects of the Project on the Kennedy Center and adjacent historic properties, including the Rock Creek and Potomac Parkway. Defendants' failure to initiate this process has deprived DOCOMOMO of these procedural rights.

19. Had Agency Defendants prepared an environmental assessment or environmental impact statement as required by the National Environmental Policy Act



Doc ID: 80bbd15cda5c171ed4b8d039447a81a7121c1b40

("NEPA"), DOCOMOMO would have reviewed the draft analysis and submitted comments on the environmental impacts of the Project, including impacts on the monumental core, the historic parkway, and the Potomac River waterfront. No such review has been initiated.

20. DOCOMOMO regularly participates in NCPC review processes for projects in the District of Columbia. Had Defendants submitted the Project to NCPC for review and approval as required by 40 U.S.C. §§ 8721–8722, DOCOMOMO would have provided comments to NCPC on the Project's impact on the Kennedy Center and its setting within the monumental core. No such submission has been made.

21. DOCOMOMO regularly participates in CFA review processes. Had Defendants submitted the Project to CFA for advice as required by 40 U.S.C. § 9102, DOCOMOMO would have provided comments on the Project's impact on the appearance of the Kennedy Center and the federal monumental core. No such submission has been made.

22. Had the required procedures been followed, DOCOMOMO would have had a meaningful opportunity to present its concerns and expert knowledge about the impact of the Project before irreversible changes are made to this nationally significant site.

23. The injuries described above are directly caused by Defendants' actions and omissions. Defendants (the Board of Trustees, Donald J. Trump in his official capacity as Chair of the Board, and the Smithsonian Institution) have announced and begun advancing the Project without complying with the statutory requirements that trigger the review processes in which DOCOMOMO has a right to participate. Agency Defendants (NCPC, National Park Service, the Department of the Interior, Secretary Burgum, and the United States Army Corps of Engineers) have failed to initiate the reviews required by Section 106 of the National Historic Preservation Act ("NHPA"), NEPA, 40 U.S.C. §§ 8721–8722, and 40 U.S.C. § 9102, and have failed to withhold permits and approvals pending completion of those reviews.



Doc ID: 80bbd15cda5c171ed4b8d039447a81a7121c1b40

24. DOCOMOMO will suffer irreparable harm absent a preliminary injunction. Once the historic fabric of the Kennedy Center is altered or destroyed, it cannot be restored to its original condition. The Kennedy Center's architectural and historic character, which forms the basis of its eligibility for the National Register of Historic Places, would be permanently compromised. The opportunity for meaningful public consultation, including DOCOMOMO's participation in Section 106, NEPA, NCPC, and CFA review, will be permanently lost if the alterations proceed before legally required reviews are completed. Monetary damages cannot compensate for the loss of DOCOMOMO's ability to fulfill its institutional mission with respect to this site.

25. The harm is imminent, and absent judicial intervention, the Project will proceed without the legally required reviews. Defendants have publicly announced the Project, stated that "preliminary work has been started," and indicated that the Kennedy Center will close after July 7, 2026 for multi-year construction.

26. In addition to DOCOMOMO's standing in its own right, it also brings this action on behalf of its members. DOCOMOMO has approximately 1,700 individual members nationwide, and 120 members in the District of Columbia. Individuals become members by registering on DOCOMOMO's website, www.docomomo-us.org, or by mailing in a membership application. Members pay annual dues and receive monthly newsletters and discounts on programs, events, lectures and tours, in addition to membership in a local chapter and benefits locally.

27. At least one member of DOCOMOMO has standing to sue in their own right. Members of DOCOMOMO use and enjoy the Kennedy Center and the adjacent public grounds and derive aesthetic, cultural, professional, and educational benefits from the preservation of the Center's historic and architectural values and the public's continued access to its building and grounds. DOCOMOMO submits, contemporaneously with this declaration, the individual



Doc ID: 80bbd15cda5c171ed4b8d039447a81a7121c1b40

declaration of John Burns, who is a member of DOCOMOMO and who has standing to sue in his own right.

28. The interests DOCOMOMO seeks to protect in this litigation are germane to its stated purpose, as described above. This lawsuit seeks to protect a nationally significant historic property from unlawful alteration and to ensure compliance with the federal historic preservation, environmental, and planning laws that DOCOMOMO exists to participate in and enforce.

29. Neither the claims asserted nor the declaratory and injunctive relief requested requires the participation of individual members. The claims present questions of law regarding Defendants' compliance with the NHPA, NEPA, the Administrative Procedure Act, and the applicable provisions of Title 20 and Title 40 of the United States Code. The relief sought will inure to the benefit of all effected members without individualized proof.

I declare under penalty of perjury that the foregoing is true and correct.

Elizabeth Waytkus

Elizabeth Waytkus, Executive Director
DOCOMOMO US

Executed on 03 / 30 / 2026



Doc ID: 80bbd15cda5c171ed4b8d039447a81a7121c1b40