# EXHIBIT C

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D.C. PRESERVATION LEAGUE, *et al.*, *Plaintiffs*, v. BOARD OF TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, *et al.*, *Defendants*. | No. 1:26-cv-00981 (CRC) |

## DECLARATION OF WADE B. CHANDLER

In accordance with the provisions of 28 U.S.C. § 1746, I, Wade B. Chandler, state as follows, under penalty of perjury, pertinent to the above-styled and numbered case:

1. I am employed by the U.S. Army Corps of Engineers (USACE), Baltimore District at 2 Hopkins Plaza in Baltimore, MD (CENAB), as the Chief of the Regulatory Division. I have served as the principal civilian manager of the regulatory programs in the Baltimore District since March 13, 2022. Prior to becoming the Chief of the CENAB regulatory program, I was the Pennsylvania Section Chief for the CENAB Regulatory Program and a Project Manager in the regulatory branch for the Philadelphia District of USACE, for a total length of service within the USACE regulatory program of 33 years.

2. In my capacity as the Chief of the Regulatory Division for CENAB, I am familiar with USACE's regulatory authorities, procedures for determining jurisdiction, and permit responsibilities and processes. I also have access to records maintained by USACE relating to prior regulatory actions.

3. The geographic area covered by the CENAB's regulatory program includes the District of Columbia, as well as portions of Pennsylvania, Maryland and Virginia.

4. The principal regulatory authorities of USACE, as relevant to the subject litigation, are Section 404 of the Federal Water Pollution Control Act, commonly referred to as the Clean Water Act (CWA), which is codified at 33 USC §1344, and Section 10 of the Rivers and Harbors Act (RHA) of 1899, codified at 33 USC § 403.

5. Section 404 of the CWA prohibits the discharge of dredged or fill material into Waters of the United States, as defined in 33 CFR Part 328, without authorization from USACE.

6. Section 10 of the RHA prohibits obstructions, structures, alternations to the navigable capacity of, or dredging in, Navigable Waters of the United States, as defined in 33 CFR Part 239, without authorization from USACE.

1

7.  Upland property, and activities thereon, administered by the Board of Trustees of the John F. Kennedy Center for the Performing Arts are not regulated by USACE under Section 404 of the CWA, or Section 10 of the RHA.

8.  Following a review of the Plaintiffs' Complaint and Motion for Preliminary Injunction in this action, the undersigned reviewed past records relating to the REACH expansion project, as well as a summary of activities that the Board of Trustees of the John F. Kennedy Center for the Performing Arts intend to undertake beginning in July 2026.

9.  The undersigned is not aware of any activities proposed on Trump Kennedy Center property, or in the Potomac River adjacent to it, that are regulated by USACE.

10. Review of USACE records relating to the REACH expansion project indicates that USACE engaged in pre-application coordination with the Kennedy Center, the National Park Service, and the National Capital Planning Commission between 2013 and 2015.

11. At that time, the Kennedy Center was planning a project between the Kennedy Center's south façade and the entrance ramp to the Theodore Roosevelt Bridge that would also extend into the Potomac River.  Features being considered by the Kennedy Center included a pier and/or performance pavilion in the river and bridges to access it.

12. In December 2014, USACE authorized the Kennedy Center to drill investigatory geotechnical borings from a barge in Navigable Waters of the United States.  Prior to that authorization, it was determined there was no potential adverse effect under the National Historic Preservation Act (NHPA) from that limited investigatory activity.

13. In January 2015, USACE was requested to sign, a Section 106 NHPA Memorandum of Agreement (MOA) Among the National Park Service, The National Capital Planning Commission, the District of Columbia State Historic Preservation Office, and the John F. Kennedy Center for the Performing Arts Regarding the Kennedy Center Expansion Project.  USACE signed as a concurring party because the undertaking at that point contemplated the pier, platform, and footbridges in Navigable Waters of the United States.

14. However, after the Section 106 MOA was signed, the Kennedy Center revised its plans to eliminate all work that was regulated by USACE.  Consequently, USACE did not review a permit application for the REACH expansion project, issued no authorizations for the REACH project, and no USACE regulated activities have occurred at the Kennedy Center since that time.

15.  USACE therefore possesses no jurisdiction, regulatory authority, or permitting authority over the renovations, and is not involved in the planning, decision making or execution of the work at issue in this litigation.

I declare under penalty of perjury that the foregoing is true and correct.

4/13/26

Wade B. Chandler
Chief, Regulatory Division
United States Army Corps of Engineers
Baltimore District

3