**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DC PRESERVATION LEAGUE *et al.*,

   *Plaintiff*,

  v.

BOARD OF TRUSTEES OF THE JOHN F.
KENNEDY CENTER FOR THE
PERFORMING ARTS *et al.*,

   *Defendants*.

No. 26 Civ. 981 (CRC)

## <u>NOTICE BY NON-PARTY JOYCE BEATTY</u>

Non-party Joyce Beatty, plaintiff in the related action *Beatty v. Trump*, No. 25-cv-4480 (CRC), respectfully submits this notice, in an abundance of caution, to identify her potential interest in upcoming live testimony scheduled for April 29, 2026 in this case. These two related cases have preliminary injunction hearings scheduled on consecutive days — *Beatty* on April 28, 2026, and this case on April 29, 2026 – and both involve declaration testimony submitted by the government from Charles Matthew Floca, Executive Director of the Kennedy Center, regarding the Center's closure and renovation. Although the claims in the two cases overlap, they are not identical and in her related action Rep. Beatty has claims that are not presented in this case—in particular, claims that arise under trust law and relate to the Board of Trustee's fiduciary duties.

On April 24, 2026, the Court authorized both parties in this matter to take live testimony from Mr. Floca at the upcoming hearing on Wednesday. *See* April 24, 2026, Minute Order re: ECF No. 28. Although on the present record in the *Beatty* matter, Rep. Beatty believes no further factual development is needed, she is concerned about the possible prejudice that might result if Mr. Floca testifies in this case on Wednesday about matters uniquely relevant to her legal claims,

1

without the ability for full adversarial testing.  Possible testimony along these lines would bear on whether Defendants breached their fiduciary duties, such as, for example, whether alternatives to a full closure were meaningfully considered.  These issues are distinct from those at issue here—which center on whether defendants violated any statutory mandate on maintenance or renovation of the Center —but nevertheless could be addressed.  The potential for prejudice is heightened by the fact that the live testimony in this case will occur the day after Ms. Beatty's own hearing, raising the prospect that, whether intentional or not, Mr. Floca's testimony might seek to bolster weaknesses in the government's case identified at that Tuesday hearing, to which Rep. Beatty will have no other opportunity to respond.

Counsel for Rep. Beatty plans to be present at the hearing in this case.  In the event Mr. Floca testifies about matters that implicate her claims, but which may not be addressed in cross-examination by plaintiffs in this case, counsel may seek leave of Court to conduct a brief, targeted supplemental cross-examination of Mr. Floca on those matters, to avoid the resulting prejudice if she did not have that opportunity.  District courts have inherent authority to control the disposition of related causes on their dockets "with economy of time and effort for itself, for counsel, and for litigants," including where the parties are not the same and the issues not identical, *Landis v. North American Co.*, 299 U.S. 248, 254 (1936), and to permit non-parties to participate in evidentiary proceedings where such participation would advance the interests of justice by providing perspectives otherwise absent from the record, *see Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, No. 14 Civ. 14176 (ADB), ECF No. 575, at 3–4 (D. Mass. Oct. 3, 2018) (permitting amici to participate in proceedings); *id.*, ECF No. 52, at 22–23 (D. Mass. June 15, 2015) (permitting amici to file briefs and participate in argument).

Because the potential prejudice to Rep. Beatty is still abstract, she does not seek a ruling at this time, but instead submits this notice to identify the issue for the Court's and parties' awareness.

To repeat, Rep. Beatty does not believe that live testimony is necessary given the state of the record in her case.  In the unusual posture of these related actions, she seeks only to guard against prejudice by any testimony here that would otherwise not be subject to true adversarial testing.

Dated: April 27, 2026

Respectfully submitted,

/s/ Norman Eisen
NORMAN EISEN
  (D.C. Bar No. 435051)
STEPHEN JONAS
  (D.C. Bar No. 90037069)
DAVID OGDEN
  (D.C. Bar No. 375951)

DEMOCRACY DEFENDERS ACTION
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
202-594-9958
norman@democracydefenders.org

/s/ Nathaniel A.G. Zelinsky
NATHANIEL A.G. ZELINSKY
  (D.C. Bar No. 1724093)
/s/ Kyle R. Freeny
KYLE R. FREENY
  (D.C. Bar No. 1684764)
ALEXANDER KRISTOFCAK
  (D.D.C. Bar No. NY0717)

WASHINGTON LITIGATION GROUP
1717 K Street, NW, Suite 1120
Washington, D.C. 20006
202-521-8750
kfreeny@washingtonlitigationgroup.org
nzelinsky@washingtonlitigationgroup.org

*Admitted only in California and New York; practicing under the supervision of D.C. Bar members*

*Attorneys for Plaintiff Joyce Beatty*