# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| D.C. PRESERVATION LEAGUE, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>BOARD OF TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, *et al.*,<br><br>*Defendants*. | Civil Action No. 1:26-cv-00981 (CRC) |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Defendants answer the Complaint, ECF No. 1, filed by Plaintiffs as follows:

1. This paragraph consists of Plaintiffs' characterization of the John F. Kennedy Center for Performing Arts ("Center"), for which no response is required.

2. Defendants deny Plaintiffs' characterization in this first sentence of this paragraph. Admitted as to the second sentence. The third sentence is admitted insofar as it pertains to major structural work of the Center's main building, but denied as to the allegations that the Center will be demolished or reconstructed. The fourth sentence consists of both Plaintiffs' belief of the Board of Trustees' and the President's intent, as well as conclusions of law rather than allegations of fact, to which no response is required; to the extent a response is required, denied. The fifth sentence alleging that the "harm is imminent" is a conclusion of law rather than an allegation of fact, to which no response is required. The remainder of the fifth sentence pertaining to the Board of Trustees and the President stating that construction work has commenced is admitted.

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of this paragraph. The second sentence is admitted insofar as it restates the relief Plaintiffs are seeking.

4.      This paragraph is admitted insofar as it restates the relief Plaintiffs are seeking.

5.      Denied.

6.      Defendants lack knowledge or information sufficient to form a belief about the truth of the statements in this paragraph.

7.      Defendants lack knowledge or information sufficient to form a belief about the truth of the statements in this paragraph, except for the sixth sentence, which contains legal conclusions regarding an unrelated matter, as to which no response is necessary.

8.      Defendants lack knowledge or information sufficient to form a belief about the truth of the statements in this paragraph.

9.      Defendants lack knowledge or information sufficient to form a belief about the truth of the statements in this paragraph.

10.     Defendants lack knowledge or information sufficient to form a belief about the truth of the statements in this paragraph.

11.     Defendants lack knowledge or information sufficient to form a belief about the truth of the statements in this paragraph.

12.     Defendants lack knowledge or information sufficient to form a belief about the truth of the statements in this paragraph.

13.     Defendants lack knowledge or information sufficient to form a belief about the truth of the statements in this paragraph.

14.     Admitted.  Defendants aver, however, that the Center operates separately and independently from the Smithsonian Institution.

15.     The first sentence is admitted insofar as it restates that a Defendant is being sued in their official capacity.  The second sentence is admitted insofar as it suggests the chair of the board has certain influence over the Board's actions, as the chair of a board often does exercise some amount of influence over a board's actions, and thus the direction of capital planning for the

Center, but Defendants do not understand what is meant by the vague term "significant influence" and deny the allegation as written on that basis.

16.     The first sentence is admitted.   The second sentence consists of Plaintiffs' summarization and/or characterization of a statute, which is denied to the extent it suggests that the Smithsonian Institution has a role in the Project. Defendants aver that the Smithsonian Institution exercises no control over the Center, which is governed by a board that is separate and independent from the Smithsonian Institution's Board of Regents. The third sentence consists of Plaintiffs' summarization and/or characterization of a statute and/or of legal conclusions, for which no response is required.  The last sentence contains Plaintiffs' characterization of the Defendants as a collective, for which no response is required.

17.     The first sentence is admitted, except for the allegation that the National Park Service ("NPS") manages the federal grounds on which the Kennedy Center's REACH expansion site sits.  The second sentence is admitted.  The third sentence is denied insofar as it alleges that the cantilevered west patio is within the vertical air rights of the Rock Creek and Potomac Parkway. The fourth sentence consists of conclusions of law, rather than allegations of fact, to which no response is required; however; to the extent a response is required and to the extent this paragraph purports to imply that NPS has authority over the Center's cantilevered west patio or any other land over which the Center exercises authority, denied.  The fifth sentence consists of conclusions of law, rather than allegations of fact, for which no response is necessary.

18.     Admitted.

19.     The first two sentences are admitted.  The third sentence consists of conclusions of law, rather than allegations of fact, to which no response is required.  The fourth sentence is admitted as to the Secretary of the Interior being responsible for administration of NPS, as well as the statement that NPS is an agency within the Department of the Interior that manages federal lands adjacent to the Center.  As to whether NPS manages lands "associated with" the Center—Defendants do not understand what that term means as applied in this sentence.  Similarly, with

respect to the statement that NPS has independent permitting and land-use authority with respect to federal construction and demolition activities "affecting those lands"—it is not clear what "lands" are referred to in the last clause of the last sentence, thus Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of the non-admitted allegations in the last sentence.  To the extent Plaintiffs purport to imply that NPS has authority over any land over which the Center exercises authority, denied.

20.     The first sentence is admitted, except for the statement that the "Kennedy Center extends" over the Potomac River.  Defendants do not understand what meaning Plaintiffs are attributing to the word "extends," thus Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation. The second sentence is admitted.  The last sentence of this paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

21.     The first sentence is admitted.  The second sentence consists of conclusions of law, rather than allegations of fact, to which no response is required.  The last sentence is admitted, except to the extent that this statement alleges the NCPC is the entity required to complete NHPA requirements for Smithsonian Institution projects, in which case denied.

22.     This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

23.     This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

24.     The first sentence is admitted.  The second sentence consists of conclusions of law, rather than allegations of fact, to which no response is required.  The third sentence is admitted.

25.     Admitted.

26.     The first sentence is admitted. The second sentence consists of Plaintiffs' subjective characterization of the Center for which no response is required.  For the third sentence, except for the statements that the concert hall and opera house contain a certain amount of seats, and that

there are "several" smaller performance spaces—which are admitted— the sentence consists of Plaintiffs' subjective characterization of the Center, for which no response is required.  For Plaintiffs' reference to subsequent paragraphs ¶¶ 39-40, Defendants' position is included in its answer to those individual paragraphs below.

27.    The first sentence of this paragraph consists of Plaintiffs' characterization and summary of a news release cited in footnote 4; Defendants refer the Court to the cited news release for an accurate statement of its contents and deny any characterization inconsistent therewith. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of this paragraph.

28.    Apart from the allegations that the Center is situated on a seventeen-acre campus with raised planters, pools, marble terraces, and a promenade—which are admitted—the first sentence of this paragraph consists of Plaintiffs' subjective characterization of the Center, for which no response is required.  The second sentence of this paragraph consists of Plaintiffs' characterization and summary of a news release cited in footnote 5, to which no response is required.

29.    The first sentence consists of Plaintiffs' subjective characterization of the Center, for which no response is required.  The second sentence consists of Plaintiffs' subjective characterization of the Center, for which no response is required.  The third sentence of this paragraph consists of Plaintiffs' characterization and summary of a news release cited in footnote 6; Defendants refer the Court to the cited news release for an accurate statement of its contents and deny any characterization inconsistent therewith.  Regarding the last sentence, denied.

30.    The first sentence of this paragraph consists of conclusions of law, to which no response is required, and Plaintiffs' characterization and summary of news releases cited in footnote 7; Defendants refer the Court to the cited news release for an accurate statement of its contents and deny any characterization inconsistent therewith.  The second sentence of this

paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

31.    The first sentence consists of a restatement of a statute, for which no response is required. To the extent a response is required, admitted that Congress appropriated $256,657,000 to remain available through fiscal year 2029 for "necessary expenses for capital repair, restoration, maintenance backlog, and security structures of the building and site of the John F. Kennedy Center for the Performing Arts."   Pub. L. No. 119-21, § 60025, 139 Stat. 72, 157 (2025).   The second and third sentences consist of restatements of a House Budget Committee report cited in footnote 8, for which no response is required.

32.    This paragraph consists of conclusions of law, as well as Plaintiffs' characterization of the congressional appropriation, rather than allegations of fact, to which no response is required. To the extent a response is required, denied.

33.    Admitted that President Trump was elected Chairman of the Center's Board on February 12, 2025.   The remainder of the first sentence constitutes Plaintiff's subjective characterizations of events and a news article, as to which no response is required; to the extent a response is required, denied. Admitted to the extent that the social media post cited in footnote 10 contains the quoted language in the second sentence of this paragraph.  Defendants refer the Court to the cited social media post for an accurate statement of its contents and deny any characterization inconsistent therewith.

34.    This paragraph consists of Plaintiffs' characterization and summary of social media posts by the President cited in footnotes 11 and 12; Defendants refer the Court to the cited social media post for an accurate statement of its contents and deny any characterization inconsistent therewith.

35.    Admitted that President Trump was elected Chairman of the Center's Board on February 12, 2025. The remainder of this paragraph consists of Plaintiffs' characterization and summary of social media posts by the President and a Center press release cited in footnotes 13

6

and 14. Defendants refer the Court to the cited social media post and press release for accurate statements of their contents and deny any characterization inconsistent therewith.

36.    This paragraph consists of Plaintiffs' characterization and summary of a news article cited in footnote 15. Admitted to the extent that the news article attributes the quoted text in the sentence of this paragraph to the President. Defendants refer the Court to the cited news article for an accurate statement of its contents and deny any characterization inconsistent therewith.

37.    This paragraph consists of Plaintiffs' characterization and summary of a news article cited in footnote 16. Admitted to the extent that the House Appropriations Committee voted to rename the Kennedy Center's Opera House after First Lady Melania Trump.  Defendants refer the Court to the cited news article for an accurate statement of its contents and deny any characterization inconsistent therewith.

38.    This paragraph consists of Plaintiffs' characterization and summary of a news article cited in footnote 17. Admitted to the extent that the news article attributes the quoted text in the sentence of this paragraph to the President. Defendants refer the Court to the cited news article for an accurate statement of its contents and deny any characterization inconsistent therewith.

39.    Admitted.

40.    The first clause of the first sentence consists of Plaintiffs' subjective characterization of the Center, for which no response is required.  Regarding the second clause of the first sentence, discussing the basis for the D.C. State Historic Preservation Officer's 2012 determination, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  The second sentence of this paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

41.    Admitted, with the exception that the paragraph alleges that the change amounts to a "significant alteration to the Kennedy Center building." That statement consists of a conclusion

of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied.

42. Admitted to the extent that President Trump hosted the Kennedy Center Honors on December 7, 2025. The rest of this paragraph consists of Plaintiffs' characterization and summary of a news article cited in footnote 19; Defendants refer the Court to the cited news article for an accurate statement of its contents and deny any characterization inconsistent therewith.

43. This paragraph consists of Plaintiffs' characterization and summary of news articles cited in footnotes 20, 21, and 22; Defendants refer the Court to the cited news release for an accurate statement of its contents and deny any characterization inconsistent therewith.

44. The first portion of this paragraph, up to the citation of footnote 23, consists of Plaintiffs' characterization and summary of a news article cited in footnote 23; Defendants refer the Court to the cited news article for an accurate statement of its contents and deny any characterization inconsistent therewith. The second portion of this paragraph, after the citation of footnote 23, consists of conclusions of law, rather than allegations of fact, to which no response is required.

45. The first sentence is admitted. The second sentence consists of conclusions of law, rather than allegations of fact, to which no response is required.

46. The first sentence consists of legal conclusions as to which no response is required and Plaintiffs' characterization and summary of a website cited in footnote 24; Defendants refer the Court to the cited website for an accurate statement of its contents and deny any characterization inconsistent therewith. The second sentence consists of Plaintiffs' characterization of a permitting database cited in footnote 25, to which no response is required.

47. The first, second, and third sentences consists of conclusions of law, rather than allegations of fact, to which no response is required. The last sentence is admitted.

48.     The first sentence consists of conclusions of law, rather than allegations of fact, to which no response is required. The remainder of this paragraph contains allegations regarding matters unrelated to the claims and in this litigation as to which no response is required.

49.     The first sentence consists of Plaintiffs' subjective characterization of public reaction, for which no response is required. The second sentence consists of Plaintiffs' characterization and summary of a Member of Congress' press release cited in footnote 29; Defendants refer the Court to the cited press release for an accurate statement of its contents and deny any characterization inconsistent therewith.

50.     This paragraph consists of Plaintiffs' characterization and summary of a news article cited in footnote 30; Defendants refer the Court to the cited news article for an accurate statement of its contents and deny any characterization inconsistent therewith.

51.     The first sentence consists of Plaintiffs' characterization and summary of a news article cited in footnote 31; Defendants refer the Court to the cited news article for an accurate statement of its contents and deny any characterization inconsistent therewith.

52.     The first sentence consists of Plaintiffs' characterization and summary of a social media post by the President cited in footnote 32; Defendants refer the Court to the cited social media post for an accurate statement of its contents and deny any characterization inconsistent therewith.  The second sentence, up until the end of the quotation, consists of Plaintiffs' characterization and summary of a social media post by the President cited in footnote 32; Defendants refer the Court to the cited social media post for an accurate statement of its contents and deny any characterization inconsistent therewith.  The second sentence, beginning at the end of the quotation, consists solely of Plaintiffs' characterization of the social media post, as to which no response is required.

53.     This paragraph consists of Plaintiffs' characterization and summary of a news article cited in footnote 33; Defendants refer the Court to the cited news article for an accurate statement of its contents and deny any characterization inconsistent therewith.

54.     This paragraph consists of Plaintiffs' characterization and summary of a news article cited in footnote 34; Defendants refer the Court to the cited news article for an accurate statement of its contents and deny any characterization inconsistent therewith.

55.     This paragraph consists of Plaintiffs' characterization and summary of a social media post by the President cited in footnote 35; Defendants refer the Court to the cited social media post for an accurate statement of its contents and deny any characterization inconsistent therewith.

56.     The first sentence consists of Plaintiffs' characterization and summary of news articles cited in footnotes 36 and 37; Defendants refer the Court to the cited news articles for an accurate statement of their contents and deny any characterization inconsistent therewith.  The second sentence is admitted, except for Plaintiffs' characterization of the accompanying house report, to which no response is required.  The third sentence consists of conclusions of law, rather than allegations of fact, to which no response is required.

57.     The first sentence of this paragraph consists of Plaintiffs' characterization and summary of a news article cited in footnote 38; Defendants refer the Court to the cited news release for an accurate statement of its contents and deny any characterization inconsistent therewith.  The second sentence is admitted.  The third sentence regarding Matt Floca replacing Richard Grenell as the Center's CEO and Executive Director, admitted. The remainder of the third sentence consists of Plaintiffs' characterization and summary of a news release cited in footnote 39; Defendants refer the Court to the cited news release for an accurate statement of its contents and deny any characterization inconsistent therewith.

58.     This paragraph consists of Plaintiffs' characterization and summary of a news article cited in footnote 40; Defendants refer the Court to the cited news article for an accurate statement of its contents and deny any characterization inconsistent therewith.

59.     This paragraph consists of Plaintiffs' characterization and summary of a social media post as well as legal filings; Defendants refer the Court to the cited social media post and

legal filings for accurate statements of their contents and deny any characterization inconsistent therewith.

60.     The first sentence consists of Plaintiffs' characterization and summary of a legal filing and a purported review of NCPC and CFA records; Defendants refer the Court to the cited documents for accurate statements of their contents and deny any characterization inconsistent therewith.  The second sentence consists of conclusions of law, rather than allegations of fact, to which no response is required. The third sentence consists of conclusions of law, rather than allegations of fact, to which no response is required.

61.     The paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

62.     The paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

63.     The first sentence consists of conclusions of law, rather than allegations of fact, to which no response is required. The second sentence consists of Plaintiffs' characterization of a memorandum of agreement cited in footnote 48; Defendants refer the Court to the memorandum of agreement and deny any characterizations inconsistent therewith. For Plaintiffs' reference to subsequent paragraph ¶ 86, Defendants' position is included in its answer to that individual paragraph below.

64.     The paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

65.     The paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

66.     The paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

67. This paragraph consists of Plaintiffs' subjective characterization of the Center, as well as conclusions of law, for which no response is required. To the extent a response is required, denied.

68. The first sentence is admitted insofar as this is an average accounting in previous years. The second sentence consists of Plaintiffs' subjective characterization of the Center, as well as conclusions of law, for which no response is required.

69. This paragraph consists of conclusions of law, to which no response is required.

70. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

71. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, but to the extent a response is required, denied.

72. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

73. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

74. The first sentence of this paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. The second sentence consists of Plaintiffs' summarization and/or characterization of a website; Defendants refer the Court to the cited website for an accurate statement of its contents and deny any characterization inconsistent therewith.

75. This paragraph consists of Plaintiffs' characterization and summary of a website cited in the previous paragraph; Defendants refer the Court to the cited website for an accurate statement of its contents and deny any characterization inconsistent therewith.

76. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

77. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

78.     This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

79.     This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

80.     This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

81.     This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

82.     This paragraph consists of Plaintiffs' characterization and summary of a website cited in footnotes 41 and 42; Defendants refer the Court to the cited website for an accurate statement of its contents and deny any characterization inconsistent therewith.

83.     This paragraph consists of Plaintiffs' characterization and summary of a website; Defendants refer the Court to the cited website for an accurate statement of its contents and deny any characterization inconsistent therewith.

84.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; Defendants refer the Court to the cited article for an accurate statement of its contents and deny any characterization inconsistent therewith.

85.     Admitted.

86.     This paragraph consists of Plaintiffs' characterization and summary of a memorandum of agreement cited in footnote 44; Defendants refer the Court to the cited memorandum of agreement for an accurate statement of its contents and deny any characterization inconsistent therewith.

87.     This paragraph consists of conclusions of law, as well as Plaintiffs' characterization and summary of a website cited in footnote 45; Defendants refer the Court to the cited website for an accurate statement of its contents and deny any characterization inconsistent therewith.

88.     The first sentence consists of conclusions of law, rather than allegations of fact, to which no response is required. For the second sentence, part of this sentence consists of Plaintiffs' characterization and summary of the websites cited in footnote 46 and 47; Defendants refer the Court to the cited website for an accurate statement of its contents and deny any characterization inconsistent therewith.  The remainder consists of information that Defendants do not believe is relevant to the litigation, but are admitted.

89.     The first sentence consists of Plaintiffs' summarization and/or characterization of a statute, for which no response is required.  For the second sentence, Defendants lack knowledge or information sufficient to form a belief about the truth of the statement.

90.     This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

91.     This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

92.     This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

93.     This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

94.     This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

95.     This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

96.     This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.  For Plaintiffs' reference to paragraph ¶ 84, Defendants' position is included in its answer to that individual paragraph above.

97.     This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

14

98.     This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

99.     This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

100.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

101.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

102.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

103.    This paragraph consists of Plaintiffs' characterization and summary of a memorandum of agreement cited in footnote 48; Defendants refer the Court to the cited memorandum of agreement for an accurate statement of its contents and deny any characterization inconsistent therewith.

104.    For the first clause of the first sentence, admitted.  For the second clause of the first sentence discussing the Kennedy Center's cantilevered west patio, denied.  For the second sentence, denied.  The third sentence consists of conclusions of law, rather than allegations of fact, to which no response is required. The fourth sentence consists of conclusions of law, rather than allegations of fact, to which no response is required. The fifth sentence consists of conclusions of law, rather than allegations of fact, to which no response is required.

105.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

106.    The first three sentences of this paragraph consists of Plaintiffs' characterization and summary of a memorandum of agreement cited in footnote 48; Defendants refer the Court to the cited memorandum of agreement for an accurate statement of its contents and deny any characterization inconsistent therewith.  For the fourth sentence, denied that the REACH

Expansion required a Clean Water Act Section 404 permit from USACE.  The statement in the fourth sentence alleging that the issuance of a Clean Water Act permit required prior compliance with Section 106 is a conclusion of law, rather than an allegation of fact, to which no response is required.  The remainder of the fourth sentence consists of Plaintiffs' characterization and summary of a memorandum of agreement cited in footnote 48; Defendants refer the Court to the cited memorandum of agreement for an accurate statement of its contents and deny any characterization inconsistent therewith.

107.    The first, second, and third sentences of this paragraph consist of conclusions of law, rather than allegations of fact, to which no response is required.  The last sentence is admitted, insofar as it alleges that NPS has not initiated permits or approvals for the project as the project does not require permits or approvals at this time.  To the extent the paragraph implies that the actions Plaintiffs contemplate are a legal "requirement"—that allegation would consist of a conclusion of law, rather than allegations of fact, to which no response is required.

108.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

109.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

110.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

111.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

112.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

113.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

114.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

115.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

116.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

117.    The first sentence consists of Plaintiffs' characterization and summary of a memorandum of agreement cited in footnote 48; Defendants refer the Court to the cited memorandum of agreement for an accurate statement of its contents and deny any characterization inconsistent therewith.

118.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

119.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

120.    With the exception of Plaintiffs' statement that the Center's cantilevered west patio is within the vertical air rights of the Rock Creek and Potomac Parkway—which is denied—the remainder of this paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

121.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

122.    This paragraph consists of characterizations and/or conclusions of law, rather than allegations of fact, to which no response is required.

123.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

124.    This paragraph consists of characterizations and/or conclusions of law, rather than allegations of fact, to which no response is required.

125. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

126. Denied that Defendants failed to follow any required rules and procedures with respect to the present construction. Regarding other "past capital projects"—the paragraph's statement alleging that such projects followed the "requisite rules and procedures" is vague, therefore Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

127. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

128. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

129. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

130. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

131. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

132. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

133. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

134. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

135. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

136.    This paragraph refers to the preceding paragraphs of the Complaint, which are addressed in turn by Defendants' previous responses.

137.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

138.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

139.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

140.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

141.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

142.    For the first and third sentences, these sentences consist of conclusions of law, rather than allegations of fact, to which no response is required. The second sentence is admitted, except for the statement alleging that the Center's cantilevered west patio is within the vertical air right of the Rock Creek and Potomac Parkway—which is denied. The last sentence consists of Plaintiffs' characterization and summary of a memorandum of agreement cited in footnote 48; Defendants refer the Court to the cited memorandum of agreement for an accurate statement of its contents and deny any characterization inconsistent therewith.

143.    For the first sentence, admitted. The second and third sentences of the paragraph consists of Plaintiffs' characterization and summary of a memorandum of agreement cited in footnote 48; Defendants refer the Court to the cited memorandum of agreement for an accurate statement of its contents and deny any characterization inconsistent therewith. For the fourth sentence, denied that the REACH Expansion required a Clean Water Act Section 404 permit from USACE. The statement in the fourth sentence alleging that the issuance of a Clean Water Act permit required prior compliance with Section 106 is a conclusion of law, rather than an allegation

19

of fact, to which no response is required.  The remainder of the fourth sentence consists of Plaintiffs' characterization and summary of a memorandum of agreement cited in footnote 48; Defendants refer the Court to the cited memorandum of agreement for an accurate statement of its contents and deny any characterization inconsistent therewith.

144.    This paragraph consists of Plaintiffs' characterization and summary of a memorandum of agreement between NCPC and Smithsonian; Defendants refer the Court to the cited memorandum of agreement for an accurate statement of its contents and deny any characterization inconsistent therewith.

145.    The first sentence consists of Plaintiffs' characterization and summary of a memorandum of agreement between NCPC and Smithsonian; Defendants refer the Court to the cited memorandum of agreement for an accurate statement of its contents and deny any characterization inconsistent therewith.  Defendants further aver that the Center is not a party to the referenced memorandum of agreement. The second sentence consists of conclusions of law, rather than allegations of fact, to which no response is required.

146.    This paragraph consists of Plaintiffs' characterization and summary of a memorandum of agreement between NCPC and Smithsonian; Defendants refer the Court to the cited memorandum of agreement for an accurate statement of its contents and deny any characterization inconsistent therewith.

147.    The first clause of this paragraph, up to the citation to a legal declaration, consists of Plaintiffs' characterization and summary of a legal filing; Defendants refer the Court to the cited filing for an accurate statement of its contents and deny any characterization inconsistent therewith. For the second clause of this paragraph, after the citation to the legal declaration, Defendants admit that the Smithsonian Institution has not notified NCPC of the project but denies that it has any obligation to do so.

148.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

149.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

150.    Admitted, except for the allegation asserting a lack of "meaningful opportunity to participate" has been provided to Plaintiffs or the public. The quoted phrase is unduly vague such that Defendants lack knowledge or information sufficient to form a belief about the truth as to this statement.

151.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation.

152.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation.

153.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation.

154.    This paragraph consists of a hypothetical scenario posed by Plaintiffs, not a statement of fact, as to which Defendants lack knowledge or information sufficient to form a belief about the truth and/or for which no response is required.

155.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation and denied that Plaintiffs are entitled to any relief.

156.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation and denied that Plaintiffs are entitled to any relief.

157.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation and denied that Plaintiffs are entitled to any relief.

158.    This paragraph refers to the preceding paragraphs of the Complaint, which are addressed in turn by Defendants' previous responses.

159.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

160.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

161.    For the first sentence, admitted.  For the second sentence, this consists of Plaintiffs' subjective characterization of the Center, for which no response is required; to the extent a response is required, denied.

162.    The first sentence consists of conclusions of law, rather than allegations of fact, to which no response is required. The second sentence consists of Plaintiffs' characterization and summary of the memorandum of agreement between NCPC and Smithsonian; Defendants refer the Court to the cited memorandum of agreement for an accurate statement of its contents and deny any characterization inconsistent therewith.  Defendants further aver that the Center is not a party to the referenced memorandum of agreement.

163.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

164.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

165.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

166.    The first sentence of this paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. The second sentence is denied.

22

167. Admitted that to date, none of the Agency Defendants (as defined in Plaintiffs' complaint) has initiated the process set forth in 54 U.S.C. § 306113 and 36 C.F.R. § 800.9(c)(2), because Agency Defendants do not believe that there is a duty or requirement to do so. To the extent the paragraph implies that the statutes cited are a "requirement"—that allegation would consist of a conclusion of law, rather than allegations of fact, to which no response is required.

168. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation.

169. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation.

170. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation.

171. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation and denied that Plaintiffs are entitled to any relief.

172. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation and denied that Plaintiffs are entitled to any relief.

173. This paragraph refers to the preceding paragraphs of the Complaint, which are addressed in turn by Defendants' previous responses.

174. The second sentence discussing the Kennedy Center's cantilevered west patio is denied. The remainder of this paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

175.     This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

176.     This paragraph consists of Plaintiffs' summarization and/or characterization of a memorandum of agreement; Defendants refer the Court to the cited memorandum of agreement for an accurate statement of its contents and deny any characterization inconsistent therewith.

177.     The first clause of this paragraph, up to the citation to a legal declaration, consists of Plaintiffs' characterization and summary of a legal filing; Defendants refer the Court to the cited filing for an accurate statement of its contents and deny any characterization inconsistent therewith.  As to the remainder of the paragraph, starting after the citation of the legal declaration, Defendants admit that the Smithsonian Institution has not notified NCPC of the project but denies that it has any obligation to do so.

178.     This paragraph consists of Plaintiffs' summarization and/or characterization of a memorandum of agreement; Defendants refer the Court to the cited memorandum of agreement for an accurate statement of its contents and deny any characterization inconsistent therewith.

179.     This paragraph, with exception of the last sentence, consists of Plaintiffs' summarization and/or characterization of a memorandum of agreement; Defendants refer the Court to the cited memorandum of agreement for an accurate statement of its contents and deny any characterization inconsistent therewith.   For the last sentence, admitted because Defendants do not believe that NCPC involvement is required at this time, and the Smithsonian Institution has no authority or obligation to submit on behalf of the Center.   To the extent the paragraph implies that the actions Plaintiffs contemplate are a legal "requirement"—that allegation would consist of a conclusion of law, rather than allegations of fact, to which no response is required.

180.     This paragraph, with exception of the last sentence, consists of Plaintiffs' summarization and/or characterization of a memorandum of agreement; Defendants refer the Court to the cited memorandum of agreement for an accurate statement of its contents and deny any characterization inconsistent therewith.   For the last sentence, admitted because Defendants do

not believe that NCPC involvement is required at this time, and the Smithsonian Institution has no authority or obligation to submit on behalf of the Center.    To the extent the paragraph implies that the actions Plaintiffs contemplate are a legal "requirement"—that allegation would consist of a conclusion of law, rather than allegations of fact, to which no response is required.

181.    Admitted because Defendants do not believe that NCPC involvement is required at this time.  To the extent the paragraph implies that the actions Plaintiffs contemplate are a legal "requirement"—that allegation would consist of a conclusion of law, rather than allegations of fact, to which no response is required.

182.    Admitted because Defendants do not believe that NPS or Interior involvement is required at this time.  To the extent the paragraph implies that the actions Plaintiffs contemplate are a legal "requirement"—that allegation would consist of a conclusion of law, rather than allegations of fact, to which no response is required.

183.    Admitted because Defendants do not believe that USACE involvement is required at this time.  To the extent the paragraph implies that the actions Plaintiffs contemplate are a legal "requirement"—that allegation would consist of a conclusion of law, rather than allegations of fact, to which no response is required.

184.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation.

185.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation.

186.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation and denied that Plaintiffs are entitled to any relief.

187.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation and denied that Plaintiffs are entitled to any relief.

188.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation and denied that Plaintiffs are entitled to any relief.

189.    This paragraph refers to the preceding paragraphs of the Complaint, which are addressed in turn by Defendants' previous responses.

190.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

191.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

192.    This paragraph consists of information Defendants do not believe is relevant to this litigation, for which no response is required.

193.    Admitted.

194.    Denied.

195.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

196.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation.

197.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation.

198.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation.

199.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation

200.    This paragraph consists of a hypothetical scenario posed by Plaintiffs, not a statement of fact, as to which Defendants lack knowledge or information sufficient to form a belief about the truth and/or for which no response is required.

201.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation and denied that Plaintiffs are entitled to any relief.

202.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation and denied that Plaintiffs are entitled to any relief.

203.    This paragraph refers to the preceding paragraphs of the Complaint, which are addressed in turn by Defendants' previous responses.

204.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

205.    Denied.

206.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

207.    The second sentence is admitted, except for the statement alleging that the Center's cantilevered west patio is within the vertical air right of the Rock Creek and Potomac Parkway— which is denied.   The remainder of this paragraph is denied.

208. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation.

209. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation.

210. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation.

211. This paragraph consists of a hypothetical scenario posed by Plaintiffs, not a statement of fact, as to which Defendants lack knowledge or information sufficient to form a belief about the truth and/or for which no response is required.

212. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation and denied that Plaintiffs are entitled to any relief.

213. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation and denied that Plaintiffs are entitled to any relief.

214. This paragraph refers to the preceding paragraphs of the Complaint, which are addressed in turn by Defendants' previous responses.

215. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

216. The portion discussing the Kennedy Center or a part thereof being within the air rights of a federal park is denied.  The remainder of this paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

217.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

218.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

219.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation.

220.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation.

221.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation and denied that Plaintiffs are entitled to any relief.

222.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation and denied that Plaintiffs are entitled to any relief.

223.    This paragraph refers to the preceding paragraphs of the Complaint, which are addressed in turn by Defendants' previous responses.

224.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

225.    With the exception of the last sentence, which is admitted because NPS and Interior have no role or authority or jurisdiction as of yet with regard to the proposed renovations, this paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

226. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation.

227. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation.

228. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation.

229. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation and denied that Plaintiffs are entitled to any relief.

230. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation and denied that Plaintiffs are entitled to any relief.

231. This paragraph refers to the preceding paragraphs of the Complaint, which are addressed in turn by Defendants' previous responses.

232. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

233. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

234. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

235. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

236. Admitted.

237.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is required, the last sentence of this paragraph is denied.

238.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

239.    Admitted.

240.    This paragraph consists of Plaintiffs' summarization and/or characterization of a memorandum of agreement; Defendants refer the Court to the cited memorandum of agreement for an accurate statement of its contents and deny any characterization inconsistent therewith.

241.    The first sentence consists of Plaintiffs' summarization and/or characterization of a memorandum; Defendants refer the Court to the cited memorandum for an accurate statement of its contents and deny any characterization inconsistent therewith, further, Defendants deny that the referenced memorandum is relevant because the Center is not a party to it.  The second sentence consists of conclusions of law, rather than allegations of fact, to which no response is required.

242.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

243.    Admitted, because Defendants do not believe that there is a duty or requirement at this time do the things Plaintiffs outline in this paragraph, except as to the portion of the allegation asserting a lack of "meaningful opportunity to participate" has been provided to Plaintiffs or the public. The quoted phrase is unduly vague such that Defendants lack knowledge or information sufficient to form a belief about the truth as to this statement.  To the extent the paragraph implies that the actions Plaintiffs contemplate are a legal "requirement"—that allegation would consist of a conclusion of law, rather than allegations of fact, to which no response is required.

244.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation or have otherwise acted without the requisite authority.

31

245.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

246.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

247.    This paragraph consists of a hypothetical scenario posed by Plaintiffs, not a statement of fact, as to which Defendants lack knowledge or information sufficient to form a belief about the truth and/or for which no response is required.

248.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation or have otherwise acted without the requisite authority and denied that Plaintiffs are entitled to any relief.

249.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation or have otherwise acted without the requisite authority and denied that Plaintiffs are entitled to any relief.

250.    This paragraph refers to the preceding paragraphs of the Complaint, which are addressed in turn by Defendants' previous responses.

251.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

252.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

253.    The portion discussing the Kennedy Center or a part thereof being within the air rights of a federal park is denied.  The remainder of this paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

254.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied.

32

255. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

256. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation or have otherwise acted without the requisite authority.

257. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

258. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

259. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation or have otherwise acted without the requisite authority and denied that Plaintiffs are entitled to any relief.

260. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation or have otherwise acted without the requisite authority and denied that Plaintiffs are entitled to any relief.

261. This paragraph refers to the preceding paragraphs of the Complaint, which are addressed in turn by Defendants' previous responses.

262. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

263. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

264. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

33

265.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied.

266.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

267.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

268.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation or have otherwise acted without the requisite authority.

269.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

270.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

271.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation or have otherwise acted without the requisite authority and denied that Plaintiffs are entitled to any relief.

272.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation or have otherwise acted without the requisite authority and denied that Plaintiffs are entitled to any relief.

273.    This paragraph refers to the preceding paragraphs of the Complaint, which are addressed in turn by Defendants' previous responses.

274.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

275. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

276. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

277. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. As to the allegation regarding the approval of the Secretary of the Interior, admitted, because the Defendants do not believe that the scope of the renovations require such approval.

278. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation or have otherwise acted without the requisite authority.

279. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

280. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

281. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation or have otherwise acted without the requisite authority and denied that Plaintiffs are entitled to any relief.

282. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation or have otherwise acted without the requisite authority and denied that Plaintiffs are entitled to any relief.

283. This paragraph refers to the preceding paragraphs of the Complaint, which are addressed in turn by Defendants' previous responses.

284. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

285. The first and second sentences are admitted. The second sentence is admitted insofar as it suggests the chair of the board has certain influence over the Board's actions, as the chair of a board often does exercise some amount of influence over a board's actions, and thus the direction of capital planning for the Center, but Defendants do not understand what is meant by the vague term "significant influence" and deny the allegation as written on that basis.

286. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. Defendants further aver that the Center operates independent of the Smithsonian Institution, which has no authority over the Center.

287. Denied because the Smithsonian Institution has no role in the project.

288. Admitted, except to the extent that this statement alleges the NCPC is the entity required to complete NHPA requirements for Smithsonian Institution projects, in which case denied.

289. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

290. The first clause of this paragraph, up to the citation to a legal declaration, consists of Plaintiffs' characterization and summary of a legal filing; Defendants refer the Court to the cited filing for an accurate statement of its contents and deny any characterization inconsistent therewith. The remainder of the paragraph, starting after the citation of the legal declaration, is admitted because Defendants do not believe that NCPC involvement is required at this time. To the extent the paragraph implies that the actions Plaintiffs contemplate are a legal "requirement"— that allegation would consist of a conclusion of law, rather than allegations of fact, to which no response is required.

291. The first and last sentences of this paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. As to the remaining sentences in this

paragraph, Defendants lack knowledge or information sufficient to form a belief about the truth of the statements in this paragraph.

292.   This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

293.   This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

294.   This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

295.   This paragraph refers to the preceding paragraphs of the Complaint, which are addressed in turn by Defendants' previous responses. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation and denied that Plaintiffs are entitled to any relief.

296.   This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

297.   This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

298.   This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

299.   The second sentence is admitted, except for the statement alleging that the Center's cantilevered west patio is within the vertical air right of the Rock Creek and Potomac Parkway—which is denied.   The remainder of this paragraph is denied.

300.   This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation.

301.   The first and last sentences of this paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. As to the remaining sentences in this

paragraph, Defendants lack knowledge or information sufficient to form a belief about the truth of the statements in this paragraph.

302.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

303.    This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, denied that Defendants have violated any law, rule, or other obligation and denied that Plaintiffs are entitled to any relief.

The remainder of the Complaint sets forth Plaintiffs' request for relief and for expedited relief, to which no response is required.  To the extent a response is deemed required, Defendants specifically deny that Plaintiffs are entitled to any of the relief sought (and deny that Plaintiffs are entitled to any expedited relief) or to any other relief in this action.

Defendants further deny all allegations in Plaintiffs' complaint not expressly admitted or denied.

## AFFIRMATIVE DEFENSES

1.    The Court lacks subject matter jurisdiction over one or more claims or requests for relief in the Amended Complaint.

2.    One or more claims or requests for relief in the Complaint fails to state a claim upon which relief can be granted.

3.    Defendants reserve the right to raise any affirmative defense—including, but not limited to, those expressly found in Federal Rule of Civil Procedure 8(c)—that may be supported by the record.

Dated:  July 31, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

DIANE KELLEHER
Branch Director

CHRISTOPHER M. LYNCH
Chief Litigation Counsel

/s/ *Pierce J. Anon*
PIERCE J. ANON
N.Y. Bar No. 6184303
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
(202) 305-7573
Pierce.Anon@usdoj.gov

*Counsel for Defendants*