**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| D.C. PRESERVATION LEAGUE, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>BOARD OF TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, *et al.*,<br><br>*Defendants*. | Civil Action No. 1:26-cv-00981 (CRC) |

**JOINT MEET-AND-CONFER REPORT**

Pursuant to the Court's August 7 and August 14, 2026 Orders, the parties submit this report regarding their Local Rule 16.3(a) conference.

As the Court is aware, the Kennedy Center's Board of Trustees (the "Board") voted on August 13, 2026, to adopt a proposal that contemplates a full closure of the Center's main building; the maintenance of fine- and performing-arts programming activities at the REACH; support for offsite performances by the National Symphony Orchestra; the continuation of educational programming; the continuation of certain signature productions put on by the Center at offsite locations; and the relocation of the memorial experience for President Kennedy to the REACH building. *See* ECF 60 at 2.[1] Defendants plan to move next month to dissolve the injunction in the closely related *Beatty* matter insofar as it prohibits them from closing the Center, and the parties expect that Representative Beatty will oppose that motion. *See* Joint Status Report, *Beatty v. Trump*, No. 25-cv-04480 (D.D.C. Aug. 18, 2026), ECF 64.

[1] Citations to "ECF" are to the docket entries in this case.

Given the centrality of the closure decision to the Board's project plans, *see, e.g.*, *id.* at 1-2, the parties propose that the Court stay discovery and the parties' Rule 26 and Local Rule 16.3 submissions until the Court rules on Defendants' forthcoming motion to dissolve the injunction entered in the *Beatty* case. As the Court recognized in its order denying Plaintiffs' preliminary-injunction motion, without a stable target—*i.e.*, a final closure decision and settled project plans—it is difficult, if not impossible, for the parties to litigate this case. *See* ECF 45 at 42. While a stable target may come into focus if the Court dissolves the injunction and permits Defendants to go forward with their closure of the Center, commencing discovery now into the legality of a project plan that may never go into effect as constituted and has not yet been fully fleshed out does not promote the efficient and economical resolution of this matter. The fact that several of Plaintiffs' claims may turn on specific details of the ultimate project plan—for example, whether and when permits will be required for work that might affect the NPS-administered Rock Creek Parkway, *see id.* at 13—further favors commencing discovery (should any be necessary) only when Defendants' plans are reasonably final and certain.

Plaintiffs note that their agreement to this proposal is based on their understanding that (1) apart from ongoing facilities maintenance and capital improvement efforts described by Mr. Floca in his July 14, 2026 declaration, *see* ECF 56 ¶¶ 4-5, no work at the Center will begin unless and until the injunction in the *Beatty* matter is dissolved; and (2) if the Court grants Defendants' forthcoming motion to dissolve the injunction, Defendants will carry out work substantially in accordance with the plan proposed to and approved by the Center's Board (and which is being filed with the Court). Defendants have pledged to inform Plaintiffs and the Court if there is any change in the Board's plans that would constitute a reversal of the Center's position that the building will not be demolished and that no new structure will be constructed. Plaintiffs reserve

all rights in the event that Defendants' plans change or work commences at the Center without the *Beatty* injunction having been dissolved.

The parties therefore request that the Court stay discovery and the parties' Rule 26 and Local Rule 16.3 submissions until the Court rules on Defendants' forthcoming motion to dissolve the injunction entered in the *Beatty* matter, or until further order of the Court. The parties propose to submit a meet-and-confer report addressing the topics set forth in the Court's August 7, 2026 Order within fourteen days of the Court's ruling on Defendants' forthcoming motion to dissolve the preliminary injunction in the *Beatty* matter, with a scheduling conference to be held thereafter at the Court's convenience.

Dated: August 28, 2026

Respectfully submitted,


*/s/ Thaddeus A. Heuer*
Gregory B. Craig (164640)
Rawda Fawaz (90015786)
FOLEY HOAG LLP
1717 K Street N.W.
Washington, DC 20006
Tel: (202) 223-1200
gcraig@foleyhoag.com
rfawaz@foleyhoag.com

Thaddeus A. Heuer (*pro hac vice*)
Kevin Y. Chen (*pro hac vice*)
Matthew F. Casassa (*pro hac vice*)
Marilyn Icsman (*pro hac vice*)
FOLEY HOAG LLP
155 Seaport Boulevard, Suite 1600
Boston, MA 02210
Tel: (617) 832-1000
theuer@foleyhoag.com
kchen@foleyhoag.com
mcasassa@foleyhoag.com
micsman@foleyhoag.com

*/s/ Gregory Alan Werkheiser*
Gregory Alan Werkheiser (VA210)
Marion Forsyth Werkheiser (486465)
Lydia Dexter (OR0032)
Jessie Barrington (VA224)
Caitlin McCurdy (NH0004)
Katherine Lee Sorrell (TX0109)
CULTURAL HERITAGE PARTNERS, PLLC
1717 Pennsylvania Avenue NW, Suite 1025
Washington, DC 20006
Tel: (202) 567-7594
greg@culturalheritagepartners.com
marion@culturalheritagepartners.com
lydia@culturalheritagepartners.com
jessie@culturalheritagepartners.com
caitlin@culturalheritagepartners.com
katherine@culturalheritagepartners.com

*/s/ Abbe David Lowell*
Abbe David Lowell (358651)

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

DIANE KELLEHER
Branch Director

CHRISTOPHER M. LYNCH
Chief Litigation Counsel

*/s/ Pierce J. Anon*
PIERCE J. ANON
N.Y. Bar No. 6184303
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
(202) 305-7573
Pierce.Anon@usdoj.gov

Counsel for Defendants

Caleb Hayes-Deats (1643213)
Isabella M. Oishi (90018056)
Angela Reilly (*pro hac vice*)
LOWELL & ASSOCIATES, PLLC
1250 H Street N.W., Suite 250
Washington, DC 20005
T: (202) 964-6110
F: (202) 964-6116
alowellpublicoutreach@lowellandassociates.com
chayes-deats@lowellandassociates.com
ioishi@lowellandassociates.com
areilly@lowellandassociates.com

Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I, Matthew F. Casassa, hereby certify that on August 28, 2026, I electronically filed this document and the addendum thereto using the Court's CM/ECF system, which automatically serves this document upon all counsel of record.

*/s/ Matthew F. Casassa*
Matthew F. Casassa