**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

D.C. PRESERVATION LEAGUE, *et al.*,

*Plaintiffs*,

v.

BOARD OF TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, *et al.*,

*Defendants*.

Civil Action No. 1:26-cv-00981 (CRC)

**PLAINTIFFS' ADDENDUM TO JOINT MEET-AND-CONFER REPORT**

Plaintiffs fully endorse the plan proposed in the parties' Meet-and-Confer Report ("the Report"). Plaintiffs submit this addendum to explain that, because Defendants declared in the *Beatty* proceeding earlier this week that demolition of the Kennedy Center was a possibility, Plaintiffs must reserve all rights to seek emergency relief. Defendants would not agree to include that information in this Report.

As the Court is aware, Plaintiffs brought this case, in part, because of their credible concern that the Kennedy Center faced the same threat of demolition as the White House's East Wing. Mr. Trump (the Chair of the Center's Board) stated on social media that he intended to close the Center for a "[c]omplete [r]ebuilding" of a "new and spectacular Entertainment Complex." ECF 24-4. Mr. Trump later stated that while he planned to "us[e] the steel" and "some of" the historic original marble—a gift from the Italian government, *see* ECF 45 at 36-37—the building would be "brand new." ECF 24-33. The Kennedy Center's Executive Director, Matt Floca, subsequently disavowed plans to demolish the Kennedy Center. Crediting those representations over Mr. Trump's statements, the Court denied Plaintiffs' preliminary-injunction motion.

It thus came as a surprise earlier this week when the Department of Justice—opposing Representative Beatty's motion for emergency relief in the related case against many of the same defendants—stated that if Mr. Trump is not allowed to put his name on the Kennedy Center, "the Center will deteriorate further into an unsafe, decrepit structure **that will be required to be taken down, with a determination to follow on what to build on the site, such as a large outdoor amphitheater overlooking the Potomac River** that has been proposed, by some, for many years." Defs.' Response to Mot. for Emergency Inj. Relief at 2, *Beatty v. Trump*, No. 25-cv-4480 (D.D.C. Aug. 24, 2026), ECF 68 (emphasis added).

Defendants' claims in the *Beatty* filing were deeply troubling to Plaintiffs because they represent a fundamental change in Defendants' posture vis-à-vis the future of the Kennedy Center building. Plaintiffs therefore proposed that the following modest eleven-word provision be included in the Report: "Plaintiffs reserve all rights in the event that Defendants' plans change or work commences at the Center without the *Beatty* injunction having been dissolved, *including work on 'a large outdoor amphitheater overlooking the Potomac River'*" (emphasis added), with a citation to Defendants' *Beatty* filing. Even though the quoted language is taken directly from Defendants' papers in *Beatty*, counsel for Defendants informed Plaintiffs that Defendants would not join any report that included it.

Plaintiffs are thus compelled to submit this separate addendum to explain why they must reserve rights to seek further emergency relief. Plaintiffs hope Defendants will not try to tear the Center down. But given Defendants' written intimation only a few days ago that they might do just that; the administration's unannounced demolition of the East Wing; and the "shifting and contradictory positions" that it has used to advance its illegal ballroom project, *Nat'l Tr. for*

*Historic Pres. v. NPS*, Nos. 26-5123, 26-5134, 2026 U.S. App. LEXIS 23770, at *115 (D.C. Cir. Aug. 7, 2026), it would be irresponsible for Plaintiffs not to reserve those rights.

Dated: August 28, 2026

Respectfully Submitted,

*/s/ Gregory Alan Werkheiser*
Gregory Alan Werkheiser (VA210)
Marion Forsyth Werkheiser (486465)
Lydia Dexter (OR0032)
Jessie Barrington (VA224)
Caitlin McCurdy (NH0004)
Katherine Lee Sorrell (TX0109)
CULTURAL HERITAGE PARTNERS, PLLC
1717 Pennsylvania Avenue NW, Suite 1025
Washington, DC 20006
Tel: (202) 567-7594
greg@culturalheritagepartners.com
marion@culturalheritagepartners.com
lydia@culturalheritagepartners.com
jessie@culturalheritagepartners.com
caitlin@culturalheritagepartners.com
katherine@culturalheritagepartners.com

*/s/ Abbe David Lowell*
Abbe David Lowell (358651)
Caleb Hayes-Deats (1643213)
Isabella M. Oishi (90018056)
Angela Reilly (*pro hac vice*)
LOWELL & ASSOCIATES, PLLC
1250 H Street N.W., Suite 250
Washington, DC 20005
T : (202) 964-6110
F : (202) 964-6116
alowellpublicoutreach@lowellandassociates.com
chayes-deats@lowellandassociates.com
ioishi@lowellandassociates.com
areilly@lowellandassociates.com

*/s/ Thaddeus A. Heuer*
Gregory B. Craig (164640)
Rawda Fawaz (90015786)
FOLEY HOAG LLP
1717 K Street N.W.
Washington, DC 20006
Tel: (202) 223-1200
gcraig@foleyhoag.com
rfawaz@foleyhoag.com

Thaddeus A. Heuer (*pro hac vice*)
Kevin Y. Chen (*pro hac vice*)
Matthew F. Casassa (*pro hac vice*)
Marilyn Icsman (*pro hac vice*)
FOLEY HOAG LLP
155 Seaport Boulevard, Suite 1600
Boston, MA 02210
Tel: (617) 832-1000
theuer@foleyhoag.com
kchen@foleyhoag.com
mcasassa@foleyhoag.com
micsman@foleyhoag.com

Counsel for Plaintiffs